UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELROY VALENTINE,

                                 Petitioner,

     vs.                                                           9:08-CV-901
                                                                        (LEK/GJD)

MARTIN HERRON, Chief Facility
Director, Buffalo Federal Detention, *et al.*

                                Respondents.
_____

DELROY VALENTINE, Petitioner *Pro Se*
CHARLES E. ROBERTS, Assistant U.S. Attorney for Respondents

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     Petitioner filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging petitioner's continued confinement after he was ordered removed from the United States. (Dkt. No. 1). Petitioner filed the application on August 21, 2008, alleging that he had been held "for almost a year since the issuance of his final order of removal." (Dkt. No. 1 at 5). Petitioner argued that his detention was well beyond the presumptively reasonable period that aliens may be held prior to their removal. (Dkt. No. 1 at 3).

     Presently before the court are two motions filed by respondents. (Dkt. Nos. 9,

10). Respondents argue that this petition should be dismissed because petitioner has been removed/deported to Jamaica. Respondents argue that because petitioner has been deported, this court no longer has subject matter jurisdiction to decide the petition, and the petition is moot. *Id*. Respondents' formal motion to dismiss has been filed as Docket No. 10, and the supporting documents have been filed with Docket No. 9.[1]

The court will consider both "motions" together, and for the following reasons, the court agrees with respondents and will recommend dismissal of the petition.

## DISCUSSION

**1.    Facts**

Petitioner in this case is a citizen of Jamaica, and entered the United States on March 26, 1994. (Dkt. No. 1 at 2). Petitioner was convicted of second degree assault in the Kings County Supreme Court in 2004 and was sentenced to a term of incarceration of four years. (Dkt. No. 1 at 3). Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE") on August 22, 2007. (Dkt. No. 1 at 2). A Warrant of Removal/Deportation was issued on December 11, 2007. (Dkt. No. 9 at 2). On September 23, 2008, an Immigration Judge denied petitioner's renewed motion to reopen his deportation proceedings and denied his

---

[1] Docket No. 9 is a "letter-motion" requesting dismissal based on plaintiff's deportation.

request to stay removal. (Dkt. No. 9 at 4).  Petitioner was removed on September 25, 2008, approximately one month after he filed this application. (Dkt. No. 9 at 3).

## 2.     **Mootness**

"A case becomes moot when it no longer satisfies the 'case or controversy' requirement of Article III, Section 2 of the Constitution.  In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citing *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978 (1998)).  Generally, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006).

In this application, petitioner challenged *only* his continued detention pending deportation.[2]  Because petitioner has now been sent back to Jamaica, there is no other relief that this court could grant.  The petition is, therefore, moot and may be dismissed.

---

[2] In the application, petitioner mentions, in passing, that he was denied effective assistance of counsel at his criminal trial.  However, he is clearly not challenging his state court criminal conviction.  Additionally, he could not challenge his order of removal in this court since the Real ID Act of 2005 eliminated the availability of habeas corpus relief in the District Court for aliens seeking to challenge orders of removal entered against them. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 104-105 (2d Cir. 2008)(citing 8 U.S.C. § 1252(a)(5)).  In order to properly challenge an order of removal, petitioner would have had to make a timely application to the Second Circuit Court of Appeals. *Id.*

3

**WHEREFORE**, based on the findings above, it is hereby

**RECOMMENDED**, that the respondents' motion to dismiss (Dkt. Nos. 9, 10) be **GRANTED**, and the petition be **DENIED and DISMISSED AS MOOT.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 6, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge